■ MARGOT SHUCK, Appellant, v. MILTON J. SHUCK, Respondent.— Order, Supreme Court, New York County, entered on May 22, 1972, unanimously modified, on the law and the facts, to strike therefrom the provision that the "enforcement of the contempt and commitment orders of this court is stayed pending determination of this motion" and otherwise affirmed, without costs and without disbursements. The defendant's remedy was to proceed promptly with the matter of a hearing before the Special Referee as directed by the court. Under the circumstances of this case, it was improper as a matter of law and an improvident exercise of the discretion vested in the court to stay the enforcement of the prior contempt and commitment orders. In the interests of justice, however, the Special Referee, on the defendant's submission to the jurisdiction of the process of this State and on his application, is directed to forthwith hear and report on the issue referred to him, and the court, on the coming in of the Referee's report, shall render such order as is justified by law and in accordance with the proofs developed on the hearing before the Referee. Should the defendant desire a stay of his commitment pending the hearing and report of the Referee, then, on paying $2,000 toward arrears of support and maintenance payments, he may apply at Special Term for such stay and Special Term may render such order as is required in the interests of justice. Concur — Nunez, J. P., Kupferman, Murphy, Eager and Capozzoli, JJ.

■ ARTHUR HEITLER, Also Known as ARTHUR HOLLANDER, Respondent, v. MUSEUM PRINT EDITIONS, INC., Defendant, and ENCORE INDUSTRIES, INC., et al., Appellants.— Order, Supreme Court, New York County, entered March 15, 1972, insofar as it denied defendants-appellants' motion to dismiss the complaint for failure to state a cause of action, is unanimously reversed, on the law, the motion granted, the complaint dismissed and the action severed as to defendants-appellants, without costs and without disbursements. The complaint, as amplified by the bill of particulars, establishes that plaintiff's employment was solely by defendant Museum Print Editions, Inc., and that a viable cause of action is stated only as against that defendant. It is clear that all agreements were made for and on behalf of only the defendant Museum, and with reference to the fifth cause of action which Special Term found sufficient, the record reveals that the expenses were advances on behalf of Museum and there is nothing to indicate that any of the other defendants were to be held responsible in their own behalf. In an attempt to establish a cause of action against the individual and other corporate defendants, plaintiff argues that he has established facts tending to show the domination and control of Museum by the appellants so as to render them liable for Museum's debts. All that is alleged, however, are facts showing interlocking directorships and stockholdings and such in and of itself forms an insufficient basis upon which to pierce the corporate veil. (See *Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472.) Concur — McGivern, J. P., Nunez, Kupferman, McNally and Tilzer, JJ.